UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI AUSTIN and CENTER FOR
COMMUNITY JUSTICE & ADVOCACY,

        Plaintiffs,

v.

CITIMORTGAGE, INC.,

        Defendant.

_____/

Case No. 10-cv-13185

Paul D. Borman
United States District Judge

Mark A. Randon
United States Magistrate Judge

**OPINION AND ORDER (1) DENYING PLAINTIFFS' OBJECTIONS (Dkt. No. 47), and (2) ADOPTING THE MAGISTRATE JUDGE'S ORDER DENYING DEFAULT JUDGMENT AS TO LIABILITY**

Now before the Court is Brandi Austin's and Center for Community Justice and Advocacy's ("CCJA") (collectively, "Plaintiffs") Joint Objections to the Magistrate Judge's Proposed Order Denying Default Judgment as to Liability, filed on June 6, 2011. (Dkt. No. 47.) CitiMortgage, Inc. ("Defendant") responded on June 13, 2011. (Dkt. No. 48.) Plaintiffs filed a Reply on July 6, 2011. (Dkt. No. 53.) Defendant then filed a Response to Plaintiff's Reply on July 14, 2011. (Dkt. No. 54.)

For the reasons stated below, the Court DENIES Plaintiff's Objections and ADOPTS the Magistrate Judge's Proposed Order Denying Default Judgment as to Liability.

**I. BACKGROUND**

Plaintiffs filed this action on August 11, 2010, claiming various civil rights violations arising out of Defendant's alleged intentionally discriminatory housing practices. (Dkt. No. 1.) Defendant

1

failed to answer, and the Clerk entered a default against Defendant on September 17, 2010. (Dkt. No. 10.) Three days later, on September 20, 2010, Defendant improperly filed an Answer without addressing the entry of default. (Dkt. No. 11.)

On November 18, 2010, Defendant moved to set aside the entry of default. (Dkt. No. 13.) The Magistrate Judge conditionally granted Defendant's Motion to Set Aside on February 2, 2011, stating: "This relief is conditioned on Defendant's payment of $2,750 to Plaintiff Center for Community Justice and Advocacy and $750 to Plaintiff Brandi Austin in costs and attorneys' fees." (Order at 3) (Dkt. No. 21.) Defendant, however, failed to pay these amounts to either Plaintiff for two months. On April 3, 2011, Plaintiffs jointly moved for entry of a default judgment based on Defendant's failure to satisfy the requirements of the Magistrate Judge's conditional order. (Dkt. No. 28.)

At the May 26, 2011 hearing before the Magistrate Judge, counsel for Defendant, Charles L. Hahn, argued that he had not paid the required amounts because he had only been provided with W-9 forms for Plaintiffs' counsel, and he thought the Magistrate Judge's order required payment directly to the Plaintiff parties. Defendant's counsel also argued that he had brought a check for Plaintiff Austin's counsel, Steve Tomkowiak, but did not have a check for counsel for Plaintiff CCJA, Venessa G. Fluker, because she had not provided a W-9 form with a visible Tax Identification Number ("TIN").

> THE COURT: As of today, has the check been cut?
>
> MR. HAHN: I have one check for Mr. Tomkowiak, and I never received a W-9 or any kind of documentation from Mrs. Fluker, or her or her client.
>
> Yesterday I sent her an e-mail and asked her again, Dear Ms.

2

Fluker, you know, I still haven't received anything from you, W-9 wise.

And she responded indicating, please find attached the W-9 that I put in my brief.

The problem is, the W-9 is, the W-9 in her brief, her TIN number is redacted. There is no number on there at all. So I'm still in a bit of a lurch with respect to her.

THE COURT: Well, did you -- did you try to communicate with Counsel, Ms. Fluker, before the timeline set forth in the Court's order --

MR. HAHN: Initially --

THE COURT: -- about failure to give you what she says she sent you?

MR. HAHN: No, I -- I did not try, because I didn't necessarily expect to get anything from her in any kind of quick fashion. . . .

( . . . . )

THE COURT: All right. So the order is conditioned upon payment.

MR. HAHN: Yes, it was. It said payment to Plaintiffs.

THE COURT: All right. The payment hasn't been made.

MR. HAHN: I received no W-9's [sic] whatsoever from Plaintiffs. I received one W-9 of one Plaintiff's Counsel.

THE COURT: She said she sent you what you needed.

MR. HAHN: She did. And the e-mails I provided in my information, and I also provided an e-mail search report for my IT Department, which showed no such e-mail of the time and date that she indicates was ever received in our e-mail domain.

( . . . . )

THE COURT: . . . . If Mr. Tomkowiak sent you his, then why didn't

3

> he get his check before today?
>
> MR. HAHN: Because I wasn't looking for his W-9, I was looking for his client's W-9, the Plaintiff. Now --
>
> THE COURT: What about the -- so then why do you have a check for him today?
>
> MR. HAHN: Oh, well, I decided to go ahead and make up a check for him today, because it's the only thing I had. If he -- you know, if he doesn't want it or if the Court doesn't order it that way, then he won't get it. But I have it available. I just tried to do something to get something accomplished here.
>
> ( . . . . )
>
> THE COURT: . . . . Why didn't you pick up the phone, call Ms. Fluker before the deadline and say, Ms. Fluker, I don't have this information. This is what I need. Follow it up with a letter in writing.
>
> See, that's what you do when you're staring down the barrel of a gun. You respond. Because if you don't respond, bad things can happen.
>
> MR. HAHN: Well, I -- I can't -- all I can say, your Honor, is that I was -- I didn't do that. I didn't think it would be a problem. I figured in due time they would give me the information, according to their schedules . . . .

(May 26, 2011 Hr'g Tr. 9-12.)

At the hearing, Fluker provided Hahn with a W-9 that had a TIN that was not redacted. Plaintiffs' attorneys, Fluker and Tomkowiak, then represented to the Court that an unredacted W-9 had been filed with the Court and been available to Defendant as early as March 7, 2011. (Dkt. No. 35.)

> THE COURT: Ms. Fluker, do you have the information?
>
> MS. FLUKER: Yes, your Honor, I do have the information. But I can

4

> -- I can -- maybe I can make a response when he is done, but this is an extreme problem. The reason being is that, I was the first one to send my W-9. I called Steve, I said, Steve, did you get the e-mail about the W-9? **He actually puts that in his reply brief with a copy of my W-9, with the tax ID number on there.** So he has had that.
>
> THE COURT: I thought he said it was redacted.
>
> MS. FLUKER: Hello. If you look at the copy of the brief, page six of the docket --
>
> MR. TOMKOWIAK: It's document R35, page six of eight.
>
> THE COURT: What's the docket entry number?
>
> MR. TOMKOWIAK: R35. It's -- Plaintiff Brand Austin and CCJA filed it jointly. Brief in support of joint motion for entry of default judgment.
>
> ( . . . . )
>
> THE COURT: All right. Now, does that -- why don't you show it to him and he can tell me on the record whether it contains the number.
>
> MR. HAHN: This particular one does contain the number, your Honor.
>
> THE COURT: All right. Have you received that particular one, Counsel?
>
> MR. HAHN: I -- I would have received -- you know, I have -- I would have received it through the normal e-filing process, but I didn't receive anything from -- here we are in this motion, or this is part of the brief and everything, and I didn't get it beforehand. . . . .

(May 26, 2011 Hr'g Tr. 13-15) (emphasis added).

The Court notes that the W-9 attached to docket entry 35 does not have a TIN. Every W-9 that has been filed with this Court has the TIN redacted. (Dkt. Nos. 35 and 27.) Attorneys Fluker and Tomkowiak misrepresented this fact at the May 26, 2011 hearing.

5

The Magistrate Judge issued an Order Denying Amended Motion for Default Judgment, requiring Defendant to make the $750 and $2,750 payments to Plaintiffs by May 27, 2011. Defendant's counsel, then in possession of a TIN for attorney Fluker, made the ordered payments to counsel for both Plaintiffs after the May 26, 2011 hearing. On June 6, 2011, Plaintiffs filed the instant Objections to the Magistrate Judge's May 26, 2011 Order.

## II. ANALYSIS

When a party objects to a portion of a Magistrate Judge's report and recommendation, the Court must review that portion *de novo*. Fed. R. Civ. P. 72(b).

Plaintiffs have moved to set aside any entry of default under Fed. R. Civ. P. 55(c). This Rule provides for the setting aside of a default "[f]or good cause shown." In determining whether good cause exists, the Court considers three factors: (1) the prejudice to Plaintiff; (2) whether Defendants have a meritorious defense, and (3) whether the default was caused by Defendants culpable conduct. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).

Plaintiffs do not address the first or second factor, focusing instead on Defendant's conduct regarding its failure to pay the amounts set forth in the Magistrate Judge's conditional order. Plaintiffs argue that "Defendant offered no viable rationale for its lack of compliance with the conditions of the order setting aside the default," and that "Defendant misrepresented facts." (Pls.' Obj. 4.)

The Court disagrees. Given the language in the Magistrate Judge's conditional order setting aside the defaults – that payment was to be made to "Plaintiff Center for Community Justice and Advocacy" and "Plaintiff Brandi Austin" – it was not unreasonable for Defendant's counsel to believe the order required payment to the party Plaintiffs and not their attorneys. It was also not

unreasonable that Defendant's counsel did not make payment to attorney Fluker prior to the May 26, 2011 hearing, because he had not received a W-9 form with a visible TIN. Shortly after Defendant's counsel received a TIN from attorney Fluker at the May 26, 2011 hearing, he cut a check for the $2,750 amount.

The Court finds it particularly significant that Plaintiffs' counsels, Fluker and Tomkowiak, misrepresented to the Magistrate Judge that a TIN had been provided to Defendant's counsel at an earlier date. While Defendant's counsel could have, and should have, contacted Plaintiffs regarding his confusion as to the Magistrate Judge's order, and his lack of a TIN for attorney Fluker, the Court finds the behavior of counsel for both Plaintiffs to be equally culpable in providing Defendant's counsel with redacted W-9s and making misrepresentations to the Court.

### III. CONCLUSION

For the reasons stated above, the Court will:

(1) **DENY** Plaintiffs' Objections, and

(2) **ADOPT** Magistrate Judge Mark A. Randon's Proposed Order Denying Default Judgment as to Liability.

**IT IS SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 10-25-11