UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI AUSTIN and CENTER FOR
COMMUNITY JUSTICE & ADVOCACY,
a Michigan non-profit corporation,

     Case No. 2:10-cv-13185

   Plaintiffs,

v.     Hon. Paul D. Borman

CITIMORTGAGE, INC., a New   Magistrate Judge Mark A. Randon
York corporation,

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT. 94) AND GRANTING DEFENDANT'S MOTION FOR A TELEPHONIC HEARING (DKT. 104)**

  Two motions are pending: (1) Plaintiff Brandi Austin's ("Austin") motion to compel discovery (Dkt. 94); and (2) Defendant Citimortgage, Inc.'s ("Citi") motion for a telephonic hearing (Dkt. 104).  The Court has read the submissions of the parties; a hearing on the motions was held on November 8, 2012, with two follow-up telephonic hearings on November 13 and 15, 2012.

  For the reasons stated on the record, **IT IS ORDERED** that Austin's motion to compel is **GRANTED IN PART AND DENIED IN PART.**  Citi's motion for a telephonic hearing is **GRANTED** (the Court already held the telephonic hearing requested by Citi).  As to Austin's discovery motion, **IT IS HEREBY ORDERED** that Citi shall produce:

  1)  the loan files for the comparatives identified in the Complaint as J.E. and C.G. & K.G.;

  2)  the 24 borrowers' loan files discussed by the parties during the November 15, 2012 telephonic conference, which Citi identified from the list of the 421 loan files provided by Steve Tomkowiak to Kim Leffert in an August 13, 2012 letter.  Citi shall have the discretion concerning whether or not to redact the nonpublic personally identifiable information of the borrowers in

these 24 loan files.  Citi has noted that it will redact the 24 loan files for attorney-client privilege or other privileges as necessary;

3)  an affidavit generally describing how Citi determined that the 24 loan files referenced in paragraph 2 above involved the consideration of unemployment income in the HAMP eligibility process; and

4)  all in house, proprietary or other alternative programs, guidelines and policies for loan modifications and loss mitigations applicable to Freddie Mac loans for 2009-2010.

These documents are to be produced by Citi to Austin by **Monday, December 24, 2012**.

If, after reviewing the loan files produced by Citi pursuant to this Order, Austin concludes that she needs additional loan files to make a comparison, she may request a telephonic hearing with this Magistrate Judge.  The Court will then set a telephonic conference to discuss whether the production of additional loan files is warranted.

All files produced pursuant to this order shall be subject to the confidentiality provisions of the Protective Order (Dkt. 60) entered in this case.

No costs and fees awarded to either side.

**SO ORDERED.**

                               s/Mark A. Randon
                               MARK A. RANDON
                               UNITED STATES MAGISTRATE JUDGE

Dated:  November 26, 2012

*Certificate of Service*

   I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 26, 2012, by electronic and/or ordinary mail.

                               *s/Melody Miles*
                               *Case Manager Magistrate Judge Mark A. Randon*
                               *(313) 234-5540*

2